The practice in this country always hath been to receive such evidence, and we see no good reason to break through it. There is certainly an impropriety in saying that evidence may be received of a confession made before a private man, and that the same confession made before a justice shall not, because he hath omitted to perform his duty. This would put it in the power of a justice to make the confession evidence or not, at his election, and is a power the (114) law never meant to give him. The act is only directory, and if the justice should not do his duty in the obeying it, that shall not be of so much prejudice to the State that the evidence shall be lost by it. So the evidence was admitted. Section 3, Co. Inst., 62, where malice prepense in cutting out the tongue, or putting out an eye, is thus defined — a voluntarily and of set purpose, though it be done upon a sudden occasion; for if it be voluntary, the law implieth malice.
See S. v. Evans, post, 281.
Cited: S. v. Parish, 44 N.C. 241; S. v. Suggs, 89 N.C. 530.